UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 2 2001

[signature]
CLERK

PETER RAY LOVATO,

    Plaintiff,

v.                                NO. CIV 00-123 DJS/WWD

WAL-MART OF SANTA FE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion for Dismissal or for Sanctions filed November 15, 2000 (Docket No. 20). In that motion, Defendant asserts that Plaintiff has failed to respond to discovery requests and failed to appear for his deposition. Plaintiff, who appears in this action *pro se,* did not respond to the motion. The Court set a hearing on the motion to dismiss for January 30, 2001. Plaintiff failed to appear for the hearing, even though the Court's Order (Docket No. 23) setting the hearing warned him that failure to obey the Court's orders or to participate in the litigation could result in sanctions up to and including the dismissal of his case.

    Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: 1) the degree of actual prejudice to the defendant; 2) the amount of interference with the judicial process; 3) the culpability of the litigant; 4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance,; and 5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong

1

predisposition to resolve cases on their merits is dismissal an appropriate sanction. Ehrenhaus v. Reynolds, 965 F.2d 916, 921-22 (10th Cir.1992).

In this instance, Plaintiff failed to respond to any discovery or to appear for his deposition despite repeated notices of that event and an request by Defendant to reschedule after his first failure to appear. Plaintiff's inaction has substantially prejudiced Defendant by preventing it from determining the exact nature of Plaintiff's claims, evaluating the case against it, or preparing a defense. With regard to the second Erenhaus factor, Plaintiff has substantially interfered with the judicial process in that, even if he were to suddenly begin to pursue his claims, all deadlines would have to be re-set. Because Plaintiff appears in this action *pro se*, the culpability for his failure to participate in discovery or to appear at the hearing set by the Court can only be laid at his feet. Plaintiff has been warned of the possibility of the dismissal of his case and failed to appear for the hearing on Defendant's motion to dismiss or to request a continuance of that hearing. Given Plaintiff's abandonment of his cause, the Court finds that lesser sanctions are not likely to be efficacious and therefore concludes that dismissal is the appropriate sanction in this instance.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Dismissal or for Sanctions is granted and this matter is dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**